## JAMES SMITH *v.* GEO. W. MARTIN.

[Abstract Kentucky Law Reporter, Vol. 4—442.]

**Easements.**

> One can not recover in ejectment against one having an easement even though he may own the property over which an easement exists.

**Easement, How Created.**

> Where one is permitted in building his building to make the wall of another a part of his wall by building up to it and inserting his timbers on it for support, and the wall stands for many years, he secures and has an easement in such wall.

APPEAL FROM MASON CIRCUIT COURT.

November 25, 1882.

OPINION BY JUDGE PRYOR:

There was no objection made in the court below to the manner of the proceeding by the appellee to establish his boundary line. It is manifest that a recovery in ejectment could not have been had as the right of the appellant to the servitude or easement is clearly established; besides, no motion was made to transfer the case to the ordinary docket. The claim of title existed in both with the right of recovery in neither of the parties, and as the appellee was in the possession, or claimed to be, his action is in the nature of a bill quia timet. The controversy is as to the dividing line between the two houses. The ground upon which the two houses were built belonged to one person and the houses were built by him. He died and these litigants have derived title through his descendants or their vendees. The house of the appellee was first erected, and

it seems to us there is no reason to doubt from the proof that the wall in controversy was a part of appellee's building before the building of the appellant was in existence. The wall of the appellee's building was then made the wall of appellant's by building up to it and inserting the timbers on it for its support. In tearing down the wall, or a part of it, between appellee and appellant the carpenter says that it was appellee's wall or the wall of his house, because it was toed in the appellee's front wall and was disconnected from appellant's wall. It is attempted to be shown by the appellant that when his house was originally built it was made higher than appellee's building and this fact, if established, does not interfere with the question of boundary. While the house of the appellant was made a story higher when the building owned by the appellee was in the possession of his vendor, this did not change the location of the original division line, or affect the title to the wall originally constructed. In remodeling appellant's house and moving it up higher the wall was made to rest upon the wall of appellee and part of it on the chimney of appellee's building. The chimney was taken down for that purpose, but this did not vest appellant with the fee, but it did give him such a right as would preclude the appellee from interfering with his wall. We see but little, if anything, in this controversy affecting the rights of either party. The appellant has the right to the use of the division wall for the support of his own building and while the wall of appellant that is built above appellee's building extends over and covers a part of appellee's ground, it clearly appears it was built there by consent of the then-owner of appellee's building and when appellee purchased, he could see what constituted his building and the wall of appellant's building, and while the fee to the ground is in appellee the right to the wall above appellee's building and its use is with the appellant, as the vendee of the appellee consented to its erection. By this we do not mean to say that appellee in building his house another story would be denied the right to use the wall of appellant on which to fasten his timbers, but to adjudge that appellant is entitled to the wall for the support of his house. Besides, the proof shows that the fence or dividing line back of the two buildings is on the line, or nearly so, as established by this judgment. It had been there for years, and the posts so old as to require resetting and such a fact is very persuasive of the correctness of the ruling below. The eastern fence of the stone wall built by appellee is precisely on a line with the joint or crack

in the wall dividing the two houses. One witness says it is as near a parallel line as is possible to put it. The weight of the testimony and the circumstances relied on support the judgment below and the appellant in painting and exercising ownership over that part of the wall dividing his building from the appellee, while appellee was in the possession, was guilty of a trespass, and the continued claim as to the real boundary and the peculiar construction of the two buildings gave to the chancellor the jurisdiction to determine the true boundary line between them.

Judgment *affirmed.*

*Barbour & Cochran, for appellant.*

*Stanton & Larue, for appellee.*